IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEVIN DVAUGHN BUFORD, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 13-347 Erie |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY MEEKS, | ) | |
| Respondent. | ) | |

# OPINION[1]

Presently before the Court is a petition for a writ of habeas corpus filed by the petitioner, federal prisoner Kevin Dvaughn Buford, pursuant to 28 U.S.C. § 2241. He contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329 (1992), erred in computing his sentence. For the reasons set forth below, the petition is denied.

## I.

### A.  Relevant Background

Buford has a long criminal record. In relevant part, on August 13, 2003, he was arrested by local non-federal authorities and charged in the Jefferson County Circuit Court in Birmingham, Alabama, at Criminal Docket No. CC 2004-1079 with Robbery in the First Degree (hereinafter "State Criminal Case 1"). The next day, he was released from custody. (Declaration of Marcus Boudreaux[2] ¶¶ 5(f), 7(d)).

On October 20, 2003, Buford was arrested by local non-federal authorities and charged in the Jefferson County Circuit Court in Birmingham, Alabama, at Criminal Docket No. CC 2004-0815 with

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]  Marcus Boudreaux is a Management Analyst employed by the BOP's Designations and Sentence Computation Center. Respondent has filed Boudreaux's declaration at ECF No. 9-1 at 1-14. It is missing page 2. The Court did not require that page to review the merits of the petition.

Theft of Property (hereinafter "State Criminal Case 2"). He subsequently was released from custody, but on March 3, 2004, he was arrested again by local non-federal authorities in Birmingham, Alabama in connection with State Criminal Case 2. This time, he remained in prison and was held in custody in the Jefferson County Jail. (Boudreaux Decl. ¶¶ 5(g)-(j), 7(k)).

Because State/local authorities arrested Buford first, he was in the "primary custody" (sometimes referred to as "primary jurisdiction") of the State of Alabama. (Boudreaux Decl. ¶ 11). The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012) (per curiam); Elwell v. Fisher, 716 F.3d 477 (8th Cir. 2013). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole. George, 463 F.App'x at 138 n.4.

In May 2004, a federal grand jury returned a three-count indictment in the United States District Court for the Northern District of Alabama, charging Buford with Unlawful Possession with Intent to Distribute Five or More Grams of a Mixture and Substance Containing Cocaine Base, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Unlawful Possession of a Firearm After

2

Having Been Convicted of a Crime of Domestic Violence for offense conduct that occurred on or about August 12, 2003. A United States Magistrate Judge issued a writ of habeas corpus ad prosequendum so that Buford could appear in federal court to face his criminal charges. The United States Marshals Service took temporary custody of him pursuant to that writ on May 13, 2004, the same day it arrested him at the Jefferson County Jail. (Boudreaux Decl. ¶ 7(j)-(k)).

Although Buford was temporarily transferred to the physical custody of federal authorities pursuant to the writ of habeas corpus ad prosequendum, the State of Alabama maintained primary custody over him. That is because a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over him. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) app. note 3(E) (2003). See also Elwell, 716 F.3d at 482 ("When the United States obtained physical custody of Elwell based upon the writ of habeas corpus ad prosequendum, the transfer of physical control over Elwell's custody from Iowa to the United States did not terminate Iowa's primary jurisdiction.") The receiving sovereign – in this case, the federal government – is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and/or sentencing him. Id.

On June 24, 2004, Burford entered a guilty plea in federal court. On October 21, 2004, the United States District Court for the Northern District of Alabama sentenced him to a 120-month sentence. The federal court was silent as to the relationship of the federal sentence with any other sentence to which Buford was or would be subject. (Resp's Ex. 1i, Federal Judgment and Commitment Order). The federal court's Statement of Reasons ("SOR") reflected that the applicable Sentencing Guidelines range for Counts One and Three was 60-71 months, a mandatory 60-month sentence as to Count Two, and the sentence imposed was within the applicable Guidelines ranges. The SOR did not

3

reflect the court downwardly departed from the advisory Sentencing Guidelines ranges. Nor did the SOR reflect any intent on the part of the federal sentencing court to downwardly depart from applicable guidelines ranges or to adjust Buford's federal sentence under U.S.S.G. § 5K2.23 or § 5G1.3 to account for time served in state custody pursuant to a discharged or undischarged term of imprisonment. (Boudreaux Decl. ¶ 7(m)).

On October 26, 2004, the United States Marshals Service returned Buford to state authorities in satisfaction of the federal writ of habeas corpus ad prosequendum. The federal sentencing order was lodged with the Jefferson County Jail as a detainer. (Boudreaux Decl. ¶ 7(n)).

Approximately three months later, on January 24, 2005, Buford was sentenced in State Criminal Case 2 to a two-year term of imprisonment for Theft of Property, First Degree. The next day, he pleaded guilty to Robbery in the First Degree in State Criminal Case 1. In this case, the state court sentenced him to a term of five years' confinement and 15 years' confinement suspended. The court stated that the sentence was to run concurrently with the two-year term imposed in State Criminal Case 2 and Buford's federal sentence. (Boudreaux Decl. ¶¶ 7(o)-(p)).

On October 19, 2009, Buford was released from the state sentence to the federal detainer. Pursuant to 18 U.S.C. § 3584(a), the BOP calculated Buford's federal sentence as consecutive to his state sentences. This means that it has refused to give him a retroactive concurrent designation under 18 U.S.C. § 3621(b) (discussed below), which would have allowed the state prison to be the place where he began service of his federal sentence.[3] Pursuant to 18 U.S.C. § 3585(a), the BOP has calculated Buford's federal sentence to have commenced on the day the State of Alabama released him to the

---

[3] When a federal court imposes a prison sentence, Congress has authorized the BOP to designate "any available penal or correctional facility that meets minimum standards of health and habitability ... whether maintained by the Federal Government or otherwise[.]" 18 U.S.C. § 3621(b). This statute provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).

4

federal detainer (October 19, 2009). The BOP also has determined that Buford is entitled to 168 days of prior custody credit pursuant to 18 U.S.C. § 3585(b) for that time that he spent in official detention that was served between the date of the conclusion of the federal offense conduct and the day prior to the date his federal sentence commenced that was not credited against any other sentence. (Boudreaux Decl. ¶¶ 7(q)-(s), 17).

Buford challenged the BOP's calculation of his federal sentence through the BOP's administrative remedy process. When he did not receive the relief he sought, Buford, who at the time was incarcerated within the territorial boundaries of the Western District Court of Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that he is entitled to additional credit against his federal sentence. In the answer, Respondent asserts that the BOP properly calculated Buford's federal sentence and that the petition should be denied. (ECF No. 9). Buford did not file a reply.

**B.**     **Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden, 921 F.2d at 478-79. Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider Buford's claim that the BOP erred in computing his sentence.

5

## C.  Discussion

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). The following statutes are relevant to the evaluation of the petition: 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3621(b), which governs the BOP's authority to designate a state prison as a place of confinement for service of a federal sentence; 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and 18 U.S.C. § 3585(b), which governs the amount of prior custody credit, or pre-commencement credit, that an inmate may receive. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05"). The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)), cert. denied, 132 S.Ct. 1068 (2012).

### 1.  The determination of whether a federal sentence is concurrent with, or consecutive to, a state sentence

**(a) Statutory and policy background**

In determining whether Buford is entitled to any habeas relief, the Court must first examine whether the BOP violated federal law in computing his federal sentence as consecutive to his state

6

sentences pursuant to 18 U.S.C. § 3584(a). This analysis also requires a consideration of whether the BOP abused its discretion in declining to grant Buford a retroactive, or *nunc pro tunc*, concurrent designation pursuant to 18 U.S.C. § 3621(b) and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) (discussed below). See PS 5160.05, Pages 5-7.

Section § 3584(a) provides, in relevant part:

[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.… *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*[4]

(Emphasis added).

In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. See PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. In this case, the federal district court that imposed Buford's sentence did not order that his federal sentence was to be served concurrent with any state sentence. Therefore, although the state court subsequently directed that the term of imprisonment that it imposed in State Criminal Case 1 was to run concurrently with the federal sentence, the BOP did not automatically consider Buford's federal sentence to run concurrent with his state sentence because the federal district court had not so ordered.

Importantly, however, because the state court had ordered that Buford serve his state sentence concurrently with his federal sentence, the BOP considered, as it must under Barden and its own policies, whether it should exercise its discretion and grant Buford a retroactive concurrent designation

---

[4] The BOP recognizes that "[o]n occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment. Case law supports a court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court." PS 5880.28, Chapt. 1, Page 32A. The Supreme Court confirmed in Setser v. United States, — U.S. — , 132 S.Ct. 1463 (2012), that a district court has the authority to order, when it is imposing a federal sentence, that that sentence is to be served consecutive to, or concurrent with, an anticipated sentence that has not yet been imposed.

7

pursuant to § 3621(b). In <u>Barden</u>, the United States Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. <u>See</u> <u>also</u> PS 5160.05, Pages 5-7. For example, the BOP recognizes that the following might occur: the state had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a state sentence and orders that it is to be served concurrently with the federal sentence. When this occurs, the inmate typically will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. <u>Barden</u>, 921 F.2d at 478-83; PS 5160.05, Pages 5-7.

Although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant the request. <u>Id.</u> at 478 n.4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). The BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7. BOP policy further instructs:

> (c) In making the determination[ ] if a designation for concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be

imposed state term), the [The Regional Inmate Systems Administrator ("RISA")] will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

PS 5160.05, Page 6.

### (b) The BOP did not abuse its discretion in denying Buford's request for a retroactive concurrent designation under § 3621

When Buford learned how the BOP is calculating his federal sentence, he filed an administrative remedy. In accordance with § 3621 and its policies, the BOP's Designation and Sentence Computation Center contacted the federal district court judge who sentenced Buford. The letter (Resp's Ex. 1n), dated November 28, 2011, informed the judge that Buford requested that the BOP recalculate his federal sentence so that he received credit for the time served on his state sentence. The BOP explained that it could retroactively commence an inmate's federal sentence upon imposition, if such a designation were consistent with federal statutes and the intent of the federal sentencing court. The BOP requested that the judge advise it regarding his position on the sentencing matter.

The judge replied to the BOP in a letter dated December 22, 2011. He did not express an opinion regarding retroactive designation, but did write:

> After consulting with the probation office in regard to your request for consideration of a *nunc pro tunc* designation for [Buford], I note the following: Mr. Buford has a history of serious criminal conduct which involves a juvenile adjudication for Burglary 3rd, a Robbery 1st conviction, and two convictions involving domestic violence. The instant federal convictions consist of possession with intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and unlawful possession of a firearm after having been convicted of domestic violence.

(Resp's Ex. 1o).

After it received the judge's response, the BOP conducted a <u>Barden</u> review to determine whether to grant Buford a retroactive concurrent designation. The five factors set for in § 3621(b)[5] were considered with respect to Buford's particular circumstances. After consideration of all five factors, including Buford's extensive prior criminal record (Factor 3) and the federal district court judge's correspondence, which noted Buford's serious criminal conduct but made no recommendation either way (Factor 4), it was determined that Buford should not receive a retroactive concurrent designation under § 3621(b). (Resp's Ex. 1p). Thus, the BOP considered, as it must, the factors set forth in § 3621(b) and concluded that such a designation was not warranted in Buford's case.

Although the state court judge in State Criminal Case 1 ordered the sentence that he was imposing was to run concurrently with Buford's federal sentence, the BOP is charged with carrying out the sentence that the federal court imposed, not the sentence the state court imposed. <u>Barden</u>, 921 F.2d at 480-84. The federal district court judge did not order that Buford serve his federal sentence concurrently with his state sentences. Therefore, the BOP is not obligated to calculate Buford's federal sentence as concurrent with his state sentence.

At first glance the result may seem harsh, until one considers that the State of Alabama credited against Buford's state sentences all the time that he served in official detention from January 24, 2005 (the date the sentence in State Criminal Case 2 was imposed) through October 19, 2009 (the date Buford was released to the federal detainer). Therefore, it does not appear that the duration of Buford's state sentence was extended by the BOP's determination. In any event, although the BOP has calculated Buford's federal sentence in a manner that he opposes, the BOP's decision not to grant him a retroactive concurrent designation was not an abuse of its discretion. It was in accordance with the federal

---

[5] Those factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission.

sentencing statutes and applicable agency policy, PS 5160.05, Pages 5-7, and there is no basis for this Court to disturb it. See Barden, 921 F.2d at 484. See also George, 463 F.App'x at 140 (finding that the BOP did not abuse its discretion in denying a nunc pro tunc designation and noting that "the BOP followed the guidelines we established in Barden …; moreover, the federal sentencing court was (and remains) silent on whether the federal sentence was to be consecutive or concurrent, in light of the default presumption of consecutive sentences, see 18 U.S.C. § 3584(a).")

### 2. Calculation of the date upon which a federal sentence commences

18 U.S.C. § 3585(a) governs the date a federal sentence commences. It provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano, 307 F.3d at 126. The BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). See, e.g., Rashid v. Quintana, 372 F.App'x 260, 262 (3d Cir. 2010) (per curiam) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") (citing Unites States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998), which stated: "We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that

after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As discussed above, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, granting bail, dismissing the charges, releasing the individual to parole or at the expiration of his sentence. See, e.g., George, 463 F.App'x at 138 n.4

The BOP has incorporated the common law primary custody doctrine into its policies, which provide:

1. If the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have

commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

2. If the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrently* with any state sentence, the BOP will return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

3. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive to* any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

The third scenario is what has occurred in Buford's case. He was in the primary custody of the State of Alabama on the date his federal sentence was imposed. Because his federal sentence is consecutive to his state sentence, the BOP has calculated his federal sentence to have commenced under § 3585(a) on October 19, 2009, the date the State of Alabama released him on parole to the federal detainer. (Boudreaux Decl. ¶¶ 10, 11). There is no basis for the Court to disturb the BOP's determination. The policies it applied to Buford are a permissible construction of § 3585(a).

### 3. Calculation of prior custody credit under § 3585(b)

Section 3585(b) governs the amount of credit an inmate is entitled to receive for time served in official detention prior to the commencement of his federal sentence. It provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**That has not been credited against another sentence.**

13

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). The BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has determined that Buford is entitled to 168 days of prior custody credit under § 3585(b). (Resp's Ex. 1a). There is no basis for this Court to disturb the BOP's decision that Buford may not receive any additional sentencing credit under § 3585(b). The credit he has received accounts for the time he spent in official detention during the relevant time period that the State of Alabama did not credit against state sentence. (Boudreaux Decl. ¶¶ 7(r)-(s), 17). The BOP cannot give Buford any additional credit under § 3585(b) for the time he spent in official detention during the relevant time period because all of that other time was credited against his state sentence. See, e.g., Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

**II.**

For the reasons set forth above, the petition for a writ of habeas corpus is denied.[6] An appropriate Order follows.

Dated: June 24, 2015

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[6] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).